DANIEL E. WILLIAMS (ISB 3920)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
danw@thomaswilliamslaw.com

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMI L. LOUGH, | ) |
| | ) **Case No. 1:10-cv-00600-EJL** |
| Plaintiff, | ) |
| vs. | ) |
| | ) **MEMORANDUM IN SUPPORT OF** |
| SUN HEALTHCARE GROUP, a | ) **PLAINTIFF'S MOTION TO STRIKE** |
| Delaware corporation; and SUNDANCE | ) |
| REHABILITATION CORPORATION, | ) |
| a Connecticut corporation; | ) |
| | ) |
| Defendants. | ) |

Plaintiff Ami L. Lough, by and through her counsel of record, hereby submits her Memorandum in Support of Motion to Strike.

### INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Ami L Lough moves this Court to strike the fourteen "Affirmative Defenses" asserted by Defendants Sun Healthcare Group, Inc., and Sundance Rehabilitation Corporation in Defendants' Answer to Plaintiff's Complaint and Jury Demand ("Answer") (ECF 9), and other portions of Defendants' Answer that fail to respond adequately to Plaintiff's Complaint.  Many of the Defendants' "Affirmative

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE , P. 1

Defenses" are not actually affirmative defenses to Plaintiff's Family Medical Leave Act claims, but simply repeat Defendants' earlier denials of Plaintiff's allegations or seek to limit Plaintiff's recovery. Other affirmative defenses fail as a matter of law. Additionally, all of Defendants' affirmative defenses are comprised of bare-bones legal conclusions devoid of factual allegations and thus do not meet the applicable pleading requirements or provide Plaintiff with fair notice of the defenses asserted against her. Finally, Defendants have failed to respond properly to certain allegations in the Complaint because they did not admit, deny or state that they were without sufficient knowledge or information to admit or deny the allegation. Striking these defenses and improper responses will not only ensure that Plaintiff is provided with the requisite fair notice, but will streamline this case so that discovery can focus on legitimate issues in dispute.

## ARGUMENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC,* No. 08-4854, 2009 U.S. Dist. LEXIS 43350, at *6 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)). *See also Indymac Venture, LLC v. Silver Creek Crossing, LLC,* No. 09-1069Z, 2010 U.S. Dist. LEXIS 34275, at *11 (W.D. Wa. March 18, 2010). Where the asserted defense fails to meet the applicable legal standards, that determination should be made upon a motion to strike "in order to avoid the needless expenditures of time and money in litigating" the defense. *Hart v. Baca,* 204 F.R.D. 456, 457 (C.D. Cal. 2001). Where such motion "may have the effect of making the trial of the action less

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE , P. 2

complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *Id.* (*citing California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

### A. Defendants Fail to Allege Adequately Any of Their Fourteen Affirmative Defenses.

#### 1. The Standard.

"Affirmative defenses are governed by the same pleading standard as complaints." *Facebook v. Power Ventures, Inc.*, No. 08-5780, 2009 U.S. Dist. LEXIS 103662, at *6 (N.D. Cal. Oct. 22, 2009) (*quoting, Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), (striking affirmative defenses pled without factual allegations). *Accord, Barnes v. AT&T Pension Benefit Plan*, No. 08-04058, 2010 U.S. Dist. LEXIS 62515, at *7-*8 (N.D. Cal. June 21, 2010). In order for an affirmative defense to be sufficiently pled under Rule 8, an affirmative defense must give plaintiffs fair notice of the defenses being advanced. *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (concluding that affirmative defenses are governed by the same pleading standard as complaints, and therefore must give plaintiff "fair notice" of the defense being advanced).

The Supreme Court recently clarified the pleading requirements in Rule 8. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that fulfilling the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of [the] elements." *Id.* at 545. Under the *Twombly* standard, "a wholly conclusory statement" (*Id.* at 561) is insufficient; instead, there must be

"enough factual matter" so as to "possess enough heft to 'sho[w] that the pleader is entitled to relief." *Id.* at 545; *see also Ashcroft v. Iqbal*, 129 S.Ct. at 1937, 1949 (2009). Subsequently, in *Iqbal*, the Supreme Court made clear that the *Twombly* decision was not limited to the anti-trust context, but was based on its interpretation and application of Rule 8 of the Federal Rules of Civil Procedure, which governs the pleading standard in all civil actions. *Id.* at 1953.

Post-*Twombly*, the overwhelming majority of district courts addressing this issue have concluded that the pleading standard announced in *Twombly* and clarified in *Iqbal* likewise applies to affirmative defenses. *Hayne v. Green Ford Sales*, 263 F.R.D. 647, 649-50 (D. Kan. 2009).[1] In *Barnes, supra,* at *10, the court found ". . . the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses" (citations omitted).

Numerous other courts have also concluded that "bare statements reciting mere legal conclusions do not provide plaintiff with fair notice of the defense being asserted." *CTF Dev., Inc. v. Penta Hospitality, LLC,* No. 09-02429, 2009 U.S. Dist. LEXIS 99538, at *21 (N.D. Cal. Oct. 26, 2009); *Monster Cable Prods., Inc. v. Avalanche Corp.,* No. 08-4792, 2009 U.S. Dist. LEXIS 23747, at *1 (N.D. Cal. Mar. 11, 2009) (striking defense because defendant failed to allege any supporting facts). As the court in *CTF Dev.* explained, "[u]nder the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an

---

[1] *See e.g., T-Mobile USA, Inc. V. Wireless Exclusive USA, LLC,* No. 08-0340, 2008 U.S. Dist. LEXIS 50165, at *5 (N.D. Tex. July 1, 2008) (striking affirming defenses); *see Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07-20608, 2007 U.S. Dist. LEXIS 61608, at *3   (S.D. Fla. Aug. 21, 2007) (determining affirmative defenses must be more than "bare-bones conclusory" recitations).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE , P. 4

affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev., supra*, at \*23 (concluding that "affirmative defenses that are mere statements of legal conclusions with no supporting facts" do not meet *Iqbal* pleading requirements). Where the Defendants' affirmative defenses contain no factual allegations, they are appropriately stricken from the answer under Rule 12(f). *Id.; Facebook, supra*, at \*6 (granting motion to strike where affirmative defenses contained "no factual allegations" and instead "the pleading refers back to the 'Introduction and Background' section with the phrase 'conduct, as described herein'").

Moreover, numerous courts have held that equitable defenses are subject to heightened pleading standards. *See, Voeks v. Wal-mart Stores, Inc.,* No. 07-0030, 2008 U.S. Dist. LEXIS 846, at \*18 (E.D. Wis. Jan. 7, 2008) ("[e]quitable defenses 'must be pled with the specific elements required to establish the defense' [and] require at least some direct or inferential allegations as to each element of the defense'"). In *Reis Robotics USA Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d at 897 (N.D. Ill. 2006), the Court elaborated on the standard to be applied to asserting equitable affirmative defenses, stating at 907:

> Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense. See *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D. Ill. 2001). Merely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-- which after all is the goal of notice pleading." *Id.*

*See also CTF Dev., supra,* at \*22, ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean

hands') (emphasis in original); *Qarbon,* 315 F. Supp. 2d at 1050, (striking affirmative defenses of waiver, estoppel and unclean hands where defendant did "not provide any factual basis" for the defenses); *Mag Instrument, Inc., v. JS Prods., Inc.,* 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) (holding that all elements of estoppel defense must be pled and striking defense where it was "vague and fail[ed] to provide adequate notice of its factual basis"); *Donovan v. Schmoutey,* 592 F. Supp. 1361, 1403 (D. Nev. 1984) ("The estoppel defense raised by the defendant fails as a matter of law because defendant failed to allege its necessary elements.").

### 2. Application of the Standard.

In this case, Defendants' fourteen "Affirmative Defenses" are comprised of brief legal conclusions and are devoid of factual allegations. *See* Answer pp. 6-8, ¶¶ 1–18. Without the most basic factual allegations to rely on, Plaintiff has no means of assessing the "Defenses" asserted against them and are instead left to speculate as to Defendants' intended defenses. For example:

(a) Defendants' Affirmative Defense number 2 claims: "Plaintiff's claims are barred, in whole or in part, by the applicable statute or statues of limitation or the doctrine of laches." Answer, p. 7, ¶ 2. Defendants fail to make a single factual allegation regarding the equitable defense of laches. Defendants do not even identify a broad category of behavior that the Plaintiff is alleged to have engaged in to give rise to this defense. Plaintiff is therefore provided with no notice of the basis for this affirmative defense and can only speculate as to the bases for Defendants' defense. Defendants simply mouthed affirmative defenses in a formula-like fashion.

With regard to the statute of limitations defense, Plaintiff is given no information or indication as to which statutes of limitation Defendants consider "applicable." Defendants provide no authority as to which statute Defendants claim Plaintiff violated. Defendants should be required to provide the factual basis for this defense or it should be stricken.

(b) Defendants' Affirmative Defenses number 3 and 4 assert respectively that either Defendants' adverse employment actions or conduct were based on legitimate, non-discriminatory and non-retaliatory reasons. Again, however, Defendants provide not the barest factual basis upon which to assert these bare incantations.

(c) Defendants' Affirmative Defense number 5 asserts both comparative negligence and third party negligence. Defendants provide no showing of what conduct on the part of Plaintiff or of any third party gives rise to these assertions.

(d) Defendants' Affirmative Defenses number 6 and 7 assert the defenses of the doctrine of avoidable consequences and failure to mitigate. Again, Defendants provide exactly no factual basis for application of these doctrines, for which Defendants bear the burden of pleading and proof. As a result, Plaintiff is unable to begin to address these claims, much less defend against them.

(e) Defendants' Defense number 10 states that Defendants acted in good faith, which is a defense to liquidated damages under the FMLA. Aside from its bare allegation, Defendants again provide nothing to show that they are entitled to this defense.

(f) Defendants' Defenses number 13 and 14 state neither an affirmative defense, nor anything else, but merely represent a catch-all and an unnecessary statement of

reservations of rights. Nothing whatsoever is included in number 13 to demonstrate Defendants' ability to invoke any defenses set forth in Fed.R.Civ.P. 8 or 12. Defendants' assertion of the right by supplemental pleading to assert further defenses is a non-event, neither increasing or decreasing its ability under the Federal Rules of Civil Procedure to file an amended pleading.

By failing to plead any factual basis for their Defenses, Defendants have failed to put Plaintiff on notice about what defenses are being advanced and thus failed to meet the applicable pleading requirements under *Wyshak* and *Twombly/Iqbal*. Unless Defendants are required to amend their answer and plead affirmative defenses with the requisite specificity, Plaintiff will be forced to conduct extensive discovery to determine what, if anything, forms the basis for the Defenses asserted against her. Requiring Defendants to plead appropriately their affirmative defenses and/or striking them, as appropriate, will streamline this case so that discovery can focus on legitimate issues in dispute.

### B. Certain of Defendants' "Defenses" Should Be Stricken With Prejudice Because They Are Not Affirmative Defenses

Affirmative defenses admit allegations in the complaint, but assert additional facts that would defeat recovery. *Solis v. Couturier,* No. 08-2732, 2009 U.S. Dist. LEXIS 92659, at *14 (E.D. Cal. Sept. 17, 2009) ("An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'"); *See In re Nat'l Lumber and Supply, Inc.,* 184 B.R. 74, 77 (B.A.P. 9th Cir. 1995) ("Affirmative defenses plead matters extraneous to plaintiff's *prima facie* case which deny the plaintiff's right to recover *even if* the allegations in the complaint are true") (emphasis added). By contrast, labeling contentions that attack only the sufficiency of

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE , P. 8

Plaintiff's proof or allegations as affirmative defenses is improper. *Fed. Trade Comm'n v. Think All Publ'g, L.L.C.,* 564 F. Supp. 2d 663, 665-66 (E.D. Tex 2008) (striking such defenses); *In re Fleming Packaging Corp.,* 351B.R. 626, 638 (Bankr. C.D. Ill. 2006) (same); *Gaudiello v. Allied-Signal, Inc.,* No. 90-20097, 1990 U.S. Dist. LEXIS 19140, at *5 (N.D. Ill. Nov. 15, 1990) (same). Such "negative defenses" should likewise be stricken here as improper.

### 1. "Defenses" that merely negate an element of Plaintiff's proof are not affirmative defenses and should be stricken as redundant.

Defenses that merely negate an element of Plaintiff's proof are not affirmative defenses because they merely controvert an element of Plaintiff's *prima facie* case. *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002); *Quintana v. Baca,* 233 F.R.D. 562, 564 (C.D. Cal. 2005) (same). When Defendants have elsewhere in their answer denied the allegations, allowing these "negative defenses" to be asserted again by an affirmative defense will be redundant under Rule 12(f). *Fed. Trad Comm'n,* 564 F. Supp. at 665; *Quintana,* 233 F.R.D. at 564-565 (striking such "defenses"); *see also E. & J. Gallo Winery v. Encana Energy Servs., Inc.,* No. 03-5412, 2008 U.S. Dist. LEXIS 49367, at *15 (E.D. Cal. Jun. 18, 2008) (same); *Gilbert v. Eli Lilly & Co.,* 56 F.R.D. 116, 125 (D. P.R. 1972) (same).

Although it is it is difficult to assess the nature of certain of Defendants' affirmative defenses due to the lack of detail and supporting allegations, it appears that Defendants' Defenses numbers 11 and 12 simply negate an element of Plaintiff's case.

Defendants' Defense number 11 states "Defendant Sun Healthcare Group was not the employer of Plaintiff for purposes of the FMLA and otherwise" Answer p. 8, ¶ 11. Defendants previously denied Plaintiff's allegations at the second paragraph 16 alleging that

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE , P. 9

Ami Lough became an employee of both defendants. The number 11 affirmative defense merely repeats Defendants' prior denials and simply adds clutter to the case and should be stricken as redundant.

Defendants' Defense number 12 states that Plaintiff's claim for exemplary damages and attorney fees are "barred" because that relief is purportedly not available under the law relied upon. Obviously, this defense is merely states a negative to Plaintiff's claim for these types of relief.

### 2. Failure to state a claim is not an affirmative defense and should be stricken as redundant.

Defendants' First Affirmative Defense simply states that "Plaintiff's Complaint fails to state a claim upon which relief may be granted." Answer, p. 6, ¶ 1. Not only does this bare allegation fail to allege any facts, but "failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in plaintiff's prima facie case." *Lemery v. Duroso,* No. 09-00167, 2009 U.S. Dist. LEXIS 50771, at *3 (E.D. Mo. June 16, 2009) (striking identical "defense" for both reasons); see *Tome Engenharla E Transportes, Ltd. v. Malki,* No. 94-7427, 1996 U.S. Dist. LEXIS 4583, at *29 (N.D. Ill. Apr. 11, 1996) (same); see *Quintana,* 233 F.R.D. at 564 (striking identical defense on grounds that it was not a proper defense); see also *Barnes, supra.* As this is not an affirmative defense, Defendants' First Affirmative Defense should be stricken with prejudice.

### 3. "Defenses" that merely limit damages are not affirmative defenses and should be stricken as redundant.

Contentions that limit damages are limitations, not affirmative defenses, and are not properly pled as such. *Taylor v. United States,* 821 F.2d 1428, 1433 (9th Cir. 1987) (explaining

that "the Federal Rules do not consider limitations of damages affirmative defenses"); *Fleming v. Kane County,* 636 F. Supp. 742, 749 (N.D. Ill. 1986) (striking "defense" that would not defeat recovery, but only lessen damages). Here, Defendants' Defenses numbers 8 and 9 merely seek to limit, not preclude, Plaintiff's recovery and thus are not appropriate affirmative defenses and should be stricken. Answer, p. 7, ¶¶ 8 and 9. Alternatively, these defenses only seek to negate elements of Plaintiff's *prima facie* case and should be stricken. for the reasons set forth above, in Section B 1.

### C. Defendants Have Failed to Properly Answer Portions of the Complaint

In responding to allegations in a complaint, Rule 8(b) "requires: (1) an admission; (2) a denial; or (3) a statement of absence of knowledge or sufficient information. *Frank v. Wilbur-Ellis Co. Salaried Employees LTD Plan,* No. 08-0284, 2008 U.S. Dist. LEXIS 83127, at *9 (E.D. Cal. Sept.24, 2008). A motion to strike under Rule 12(f) is also the proper means of addressing the failure of a defendant to properly respond to a complaint. *Id.*

#### 1. Defendants' refusal to respond because an allegation is purportedly a "statement of Plaintiff's legal position" is improper.

In at least three of their responses to the allegations of the Complaint, Defendants have refused to answer the allegations of the Complaint as required by Rule 8 by merely stating that the allegations are each a "statement of Plaintiff's legal position" requiring no answer. Ans. ¶¶ 12, 13, 14. Yet, this is not a proper response under Rule 8(b). When a defendant fails to deny certain allegations in a pleading, they are deemed admitted pursuant to Rule 8. *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Rest. Inc.,* 180 F.R.D. 332, 334 (N.D. Ill. 1998) (deeming certain paragraphs in the complaint, which defendant failed to deny, admitted); Fed. R. Civ. P.

8(b)(60). Accordingly, any paragraph which Defendants have failed to admit, deny or state they did not have sufficient knowledge or information should be deemed admitted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to strike should be granted. With respect to defenses that are either not affirmative defenses or do not establish a sufficient defense, they should be stricken without prejudice and Defendants instructed to re-plead those defenses only if they have sufficient facts to support those claims. Finally, Defendants should be instructed to admit, deny or state in good faith, that they do not have sufficient information or knowledge to respond to those allegations.

DATED this 19th day of January, 2011.

THOMAS, WILLIAMS & PARK, LLP

Daniel E. Williams
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM./ECF system which sent a Notice of Electronic Filing to the following attorney(s):

>Kara L. Keikkila
>Hall, Farley, Oberrecht & Blanton
>klh@hallfarley.com

>Barry Alan Johnsrud
>Jackson Lewis LLP
>johnsrudb@jacksonlewis.com

>Gina D. Wolverton
>Jackson Lewis LLP
>wolvertong@jacksonlewis.com

>/s/ Daniel E. Williams
>Daniel E. Williams